UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GORDON REYNOLDS,

    Petitioner,

v.                                             CASE NO. 6:12-cv-1861-Orl-37GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

### ORDER

Petitioner has filed a Renewed Motion to Stay and Hold In Abeyance (Doc. No. 30) in which he requests that the Court "hold his Petition in abeyance and grant [a] Stay . . . [in order] to allow him to exhaust his State claims reference[d] herein." *See* Doc. No. 30 at 6. According to Petitioner's counsel, on September 17, 2013, he received "autopsy videos, several photographs and a plethora of information from the Capitol Collateral Post conviction Records Repository." *Id*. at 1. Counsel asserts that he "did not see [these materials] as available on the Record on Appeal and was not provided to [him] from the prior post-conviction attorney." *Id*. According to Petitioner's counsel, "[t]he newly revealed information sheds light on a pattern of mishandling of evidence that was never previously explored . . . ." *Id*. at 3.

Petitioner seeks to return to the state courts in order to raise issues that were discovered from the newly revealed information. These issues include the mishandling of evidence from the Medical Examiner's office, FDLE, and the Sheriff's Office; DNA testing of the victim's fingernails; and a *Miranda*[1] violation. Petitioner requests that the Court hold this case in abeyance, that the Court allow him to commence proceedings in the state courts within thirty days, and that the Court require him to return to this Court within thirty days of exhausting his claims.

As previously discussed by the Court in its Order of September 6, 2013 (Doc. No. 29), stay and abeyance are only appropriate when: (1) the petitioner has shown good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhine v. Weber*, 544 U.S. 269, 277–78 (2005). Here, Petitioner appears to have shown good cause, and he states that he will commence proceedings in the state courts within thirty days. The unexhausted claims appear to be potentially meritorious,[2] and there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics.

Accordingly, it is **ORDERED** as follows:

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]However, at this juncture, the Court is not making any determination as to whether these claims will be deemed timely or meritorious in the instant federal habeas proceeding. Neither does the Court make any findings as to the representations of counsel as to any allegations of impropriety in the handling or delivery of evidence or related material.

1. Petitioner's Renewed Motion to Stay and Hold In Abeyance (Doc. No. 30) is **GRANTED**. This case is **STAYED** and is held in abeyance to allow Petitioner to exhaust his claims, which are identified in his renewed motion to stay, in the state courts. However, Petitioner shall initiate proceedings in the state courts within thirty (30) days from the date of this Order, and the parties shall immediately inform the Court in writing upon the initiation of such proceedings or the failure to do so.

2. Petitioner shall move to reopen this case within thirty (30) days from the date exhaustion is completed in the state court system. The failure to do so may result in dismissal of this case without further notice.

3. On or before January 15, 2014, and thereafter every ninety (90) days until the case is reopened, Petitioner shall file a "Notice Regarding the Status of State Court Exhaustion" setting forth the status of the state court proceedings.

4. The Clerk of the Court is directed to close this case administratively, pending further Order of the Court.

5. Petitioner's Motion for Clarification (Doc. No. 33) is **DENIED** as moot.

**DONE AND ORDERED** in Orlando, Florida, this 3rd day of October, 2013.

ROY B. DALTON JR.
United States District Judge

3

Copies to:
OrlP-2 10/3
Counsel of Record